UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

KHL INC; NALEN OU; and LIM OU,

Defendants.

Civil Action No. 1:23-cv-10893

Injunctive Relief Sought

## COMPLAINT

1.      Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because a temporary labor company Defendants KHL Inc, ("KHL"), and its operators,  Nalen Ou, and Lim Ou, (collectively "Defendants") have willfully failed to pay certain of their employee drivers the federal minimum wage, failed to pay certain of their employees proper overtime compensation, and failed to keep accurate employment-related records, all in violation of the Fair Labor Standards Act (the "FLSA").

2.      The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

### Jurisdiction and Venue

3.      Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the District of

Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

5.      Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

6.      Defendant KHL Inc is a temporary labor business located at 2 Groton Road, Unit 4, Chelmsford, MA 01863, within the jurisdiction of this Court, and is engaged at that place of business in providing temporary labor to clients in Massachusetts and New Hampshire, including in the packaging and agricultural industries.

7.      KHL employs the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

8.      Defendant Nalen Ou is an operator of KHL.

9.      Defendant Nalen Ou transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

10.     The claims against Defendant Nalen Ou in this case arise out of and are directly related to business activities in Massachusetts.

11.     Defendant Nalen Ou has certain control over the daily operations of KHL, including the authority to hire and fire employees, determine employees' wage rate, manage the daily operations of the business, and set policies for the business.

12.     Defendant Nalen Ou is and has been an employer of KHL's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     Defendant Lim Ou is an operator of KHL.

2

14.    Defendant Lim Ou transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

15.    The claims against Defendant Lim Ou in this case arise out of and are directly related to business activities in Massachusetts.

16.    Defendant Lim Ou has certain control over the daily operations of KHL, including the authority to hire and fire employees, determine employees' wage rate, manage the daily operations of the business, and set policies for the business.

17.    Defendant Lim Ou is and has been an employer of KHL's employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

Defendants Are an Enterprise Engaged in Commerce

18.    At all times described herein, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

19.    At all times described herein, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20.    Said enterprise has had an annual gross volume of sales or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

21.    For the time period covered by this Complaint, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

Statute of Limitations Tolling Agreement

22.     On or about August 14, 2020, Defendants KHL Inc, Nalen Ou, and Lim Ou entered into a statute of limitations tolling agreement with the Secretary.

23.     Under the terms of that statute of limitations tolling agreement, Defendants agreed for purposes of the FLSA statute of limitations that this Complaint is deemed to have been filed on November 9, 2019.

Defendants' Wage and Hour Practices

*Failure to Pay the Federal Minimum Wage*

24.     From February 4, 2017 to at least November 19, 2019, Defendants willfully failed to pay the federal minimum wage to certain of their driver employees who are listed in the attached Exhibit A, as required by Section 6 of the FLSA, 29 U.S.C. § 206.

25.     During the period from February 4, 2017 to at least November 19, 2019, Defendants willfully did not pay certain of their driver employees the federal minimum wage for hours worked transporting Defendants' employees from Massachusetts to perform work at Defendants' clients located in Louden, New Hampshire.

26.     During this time period, Defendants knew of the FLSA's minimum wage requirements and failed to pay the FLSA minimum wage to certain employees for all of their hours transporting Defendants' employees.

*Failure to Pay Overtime Premiums*

27.     From January 6, 2018 to at least January 2, 2021, Defendants willfully failed to pay certain employees who are listed in the attached Exhibit A the overtime compensation required by Section 7 of the FLSA, 29 U.S.C. § 207.

28.     From January 6, 2018 to at least January 2, 2021, Defendants paid certain

4

employees straight time wages for hours worked over 40 per week, without paying any overtime premiums for those hours worked over 40 per week.

29. From January 6, 2018 to at least January 2, 2021, Defendants failed to combine hours worked by certain employees who performed work for Defendants at more than one client location in one workweek.

30. That failure to combine hours worked across client locations resulted in Defendants' failure to compensate certain employees at time and one-half the employees' regular rates of pay for hours worked over 40 per week.

31. During this time period, Defendants knew of the FLSA's overtime requirements and failed to pay certain employees the overtime compensation required by the FLSA.

*Failure to Keep Records*

32. From February 4, 2017 to at least January 2, 2021, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

33. Defendants did not maintain complete and accurate records of hours worked by driver employees, complete and accurate records of payments made to employees, and certain contact information for employees.

**COUNT ONE**
**Failure to Pay the Federal Minimum Wage Rate Required by Section 6 of the FLSA**

34. The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

35. Defendants have willfully violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay certain employees, listed in the attached Exhibit A, at the federal hourly minimum wage rate for all of their hours worked.

36. Therefore, Defendants are liable for federal minimum wage compensation owed

to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

37.     The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

38.     Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one-and-one-half times the regular rates at which they were employed for hours worked in excess of 40 hours in such workweeks.

39.     Therefore, Defendants are liable for overtime compensation owed to the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE
### Defendants Failed to Keep Records Required Under Section 11 of the FLSA

40.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

41.     Defendants failed to keep true and accurate records in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

6

**PRAYER FOR RELIEF**

Throughout the periods covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.      For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the FLSA, including Sections 6, 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5);

2.      For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time periods set forth above, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time periods set forth above, and may be owed to certain current and former employees presently unknown to the Secretary for the periods covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3.      For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

7

4.    In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5.    Awarding the Secretary the costs of this action; and

6.    Granting such other and further relief as may be necessary and appropriate.


Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
Salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500


DATE:   April 26, 2023