UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

KHL INC; NALEN OU; and LIM OU,

Defendants.

Civil Action No. 1:23-cv-10893

CONSENT JUDGMENT AND ORDER

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants KHL Inc, Nalen Ou, and Lim Ou have received a copy of the Complaint and waive service of process. Defendants admit that they violated Sections 6, 7, and 11 of the FLSA, 29 U.S.C. §§ 206, 207, and 211.

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUGED, and DECREED that:

1.    Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them or acting or claiming to act in their interest and behalf, hereby are permanently enjoined and restrained from violating the FLSA, in any of the following manners.

a.    Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who, in any workweek, is

employed in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, wages at less than the applicable minimum wage.

b.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours unless such employee receives compensation for their employment in excess of 40 hours at a rate not less than one-and-one-half times the employee's regular rate of pay.

c.      Defendants shall not fail to make, keep, and preserve records of hours worked by employees, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in 29 C.F.R. Part 516.

d.      Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29

2

C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

e.    Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against or take any adverse action or threaten or imply that adverse action will be taken against any employee who provides, or may seek to provide, information to the United States Department of Labor, or who exercises or asserts their rights under the FLSA or this Consent Judgment.

2.    Further, the Court, finding that Defendants owe $68,420.06 in minimum wage back wages for violations of Section 6 of the FLSA ("MW back wages"), $45,789.98 in overtime back wages for violations of Section 7 of the FLSA ("OT back wages"), and $45,789.98 in liquidated damages to the employees listed on the attached Exhibit A1, which is incorporated in and made a part of this Consent Judgment, it is ordered that Defendants are restrained from withholding said back wages and shall pay, jointly and severally, said back wages and liquidated damages plus any applicable interest in accordance with the terms set forth herein.

3.    The MW back wages provisions of this Consent Judgment only cover the period from February 4, 2017 to November 9, 2019 for Defendants' employee drivers named in Exhibit A1 who transported Defendants' employees from Massachusetts to perform work at Defendants' clients located in Louden, New Hampshire. This Consent Judgment shall have no effect upon any minimum wage back wages or related liquidated damages that may have accrued outside that

time period or for any individual not named on Exhibit A1 or for any work at any time by employee drivers transporting Defendants' employees to client locations other than Defendants' clients located in Louden, New Hampshire.

4.     The OT back wages and liquidated damages provisions of this Consent Judgment only cover the period from January 6, 2018 to January 2, 2021 for the individuals named in Exhibit A1, and this Consent Judgment shall have no effect upon any overtime back wages or related liquidated damages that may have accrued outside that time period or for any individual not named on Exhibit A1.

5.     The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Secretary:

   a.  Payment of $68,420.06 in minimum wage back wages plus interest (as set out in Exhibits A1 and B1 -WH Case No. 1871005) and $45,789.98 in overtime back wages plus interest (as set out in Exhibits A1 and C1 -WH Case No.1887589), from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax; and

   b.  Separate payment totaling $45,789.98 in liquidated damages plus interest, none of which is subject to deductions (as set out in Exhibits A1 and C1-WH Case No. 1887589).

6.     Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee

payments made.

7.      The Secretary will distribute the back wages, liquidated damages, and interest to the employees in this case in accordance with the total amounts set out in Exhibit A1, B1, and C1.

8.      With respect to the sequence and timing of payments, Defendants shall first pay $108,778.69 to the Secretary within 14 days of the parties' full execution of this Consent Judgment. Defendants shall then make the balance of the back wage, liquidated damages, and interest payments to the Secretary in accordance with the Installment Amortization Schedule set out in Exhibits B1 and C1. Defendants shall make each such payment set out in Exhibits B1 and C1 in the total payment amount due for all employees listed under each payment due date.

9.      Defendants may make the back wage, liquidated damages, and payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Alternatively, payment may be made in the form of certified checks made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Linda Estacio. Any such check shall have Case Number 11871005 (Exhibit B1 payment) or 1887589 (Exhibit C1 payment) written on the face of the check.

10.     Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since January 3, 2021. In resolving the amounts of back wages and liquidated damages in this Consent Judgment, the Secretary has relied on this representation and, accordingly, the back wage and liquidated

damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since January 3, 2021. If Defendants' representation about their compliance with the FLSA is determined to be false, and Defendants are found to be in further violation of the FLSA, civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages as appropriate.

11.    In the event Defendants fail to make a payment within 10 days of the payment being due under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time if Defendants have failed to make payment under this Consent Judgment and more than 10 days have passed since the date the payment was due. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property, including any bank accounts and account numbers, with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

12.    On or before 10 days from the entry of this Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: Linda Estacio, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A, and each employee's current address and social security number (only to the extent currently known by Defendants).

13.    When recovered wages or liquidated damages have not been claimed by an

6

employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary shall deposit the wages or liquidated damages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

14.     Defendants shall not in any way solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment or in any manner attempt to recover any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968s, Attn: Linda Estacio.

15.     Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

16.     Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this _____ day of _____, 2023.


_____

United States District Judge
District of Massachusetts

7

For the Secretary:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

*/s/* Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
Salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500

Dated: April 26, 2023

For Defendants:

*/s/*Jay P. Sheehan
Jay P. Sheehan
MA BBO No. 629427
Sheehan and Owens
P.O. Box 216
Lowell, MA 01853
TEL: (978) 452-4645
jaypsheehan@comcast.net

Dated: April 26, 2023